IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BOBBY LEE HINES | § | |
| --- | --- | --- |
| Petitioner, | § § § | |
| VS. | § § | NO. 3-06-CV-0320-G |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

## MEMORANDUM ORDER

Petitioner Bobby Lee Hines, a Texas death row inmate who claims to be mentally retarded, has filed a successive application for writ of habeas corpus challenging his impending execution under *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).[1] As part of his writ and reply brief, petitioner requests an evidentiary hearing on his *Atkins* claim. Respondent opposes an evidentiary hearing on the grounds that petitioner failed to develop the factual basis of his claim in state court or, alternatively, that the state court record is sufficient to enable the court to resolve the issue of mental retardation without a hearing.

Under the AEDPA, a federal court may not hold an evidentiary hearing on a claim for habeas relief if the petitioner failed to develop the factual basis of the claim in the state court proceedings, unless:

    (A)    the claim relies on--

            (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] The Fifth Circuit granted petitioner's motion for authorization to raise an *Atkins* claim in a successive application for federal habeas relief. *See In re Hines*, No. 05-11343 (5th Cir. Feb. 2, 2006).

>                (ii) a factual predicate that could not have been previously
>                discovered through the exercise of due diligence; and
>
>       (B)     the facts underlying the claim would be sufficient to establish
>       by clear and convincing evidence that but for constitutional error, no
>       reasonable factfinder would have found the applicant guilty of the
>       underlying offense.

28 U.S.C. § 2254(e)(2). "[A] failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000). When an evidentiary hearing is not barred by section 2254(e)(2), "the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1937, 167 L.Ed.2d 836 (2007). In exercising that discretion, "the judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted." *Hall v. Quarterman*, 534 F.3d 365, 368 (5th Cir. 2008), *quoting* Rule 8(a), Rules Governing Section 2254 Cases (2004). The court must also "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.*, *quoting Schriro*, 127 S.Ct. at 1940.

After his capital murder conviction was affirmed on direct appeal and upheld on state and federal habeas review, petitioner filed a successive state writ of habeas corpus challenging his death sentence under *Atkins*. In support of his state writ, petitioner, through his attorney, submitted school records, reports from child protective services, records from the Texas Youth Commission, and results of intelligence tests, many of which suggest that petitioner may have significant limitations in intellectual functioning. Petitioner also obtained affidavits from his teachers, an employer, and family members attesting to his mental deficiencies and adaptive deficits. Two experts, Dr. Wesley E. Profit and Dr. Gilda Kessner, concluded that petitioner suffers from mental retardation. Another

expert, Dr. Randall Price, reached the opposite conclusion. Although petitioner timely requested a jury determination or, alternatively, an evidentiary hearing, on the issue of whether he is mentally retarded, the trial court made that determination on the basis of conflicting expert witness affidavits and other paper evidence submitted by the parties. On these facts, the court has little difficulty concluding that petitioner did not fail to develop the factual basis of his *Atkins* claim in the state court proceedings.

Having determined that petitioner is not barred from obtaining an evidentiary hearing, the court must decide whether to hold such a hearing in this case. The resolution of that issue depends on whether an evidentiary hearing could enable petitioner to prove his factual allegations which, if true, would entitle him to habeas relief. *See Hall*, 534 F.3d at 368. In order to prevail on his *Atkins* claim, petitioner must prove that: (1) he has "significantly subaverage general intellectual functioning," defined as an IQ of about 70 or below; (2) accompanied by related limitations in adaptive functioning; (3) the onset of which occurs prior to the age of 18. *See id.* at 369, *quoting Ex parte Briseno*, 135 S.W.3d 1, 7 (Tex. Crim. App. 2004). The results of the Wechsler Adult Intelligence Scale (WAIS-III) test administered by one of petitioner's experts, which were presented to the state habeas court, show that petitioner has a full scale IQ of 69, a performance IQ of 75, and a verbal IQ of 69. The expert, Dr. Kessner, diagnosed petitioner as mentally retarded and concluded that his current intellectual abilities and adaptive skill deficits are a continuation of cognitive deficits that existed before the age of 18. Another expert, Dr. Profit, reached the same conclusion after reviewing numerous records, reports, and affidavits. Had the state habeas court conducted an evidentiary hearing, petitioner would have had an opportunity to develop the testimony of these experts and possibly convince the court that he was, in fact, mentally retarded. Even the Texas Court of Criminal Appeals recognized that "the better practice is to conduct a live hearing in cases such

as this[.]" See *Ex parte Hines*, WR-40,347-02, op. at 2 (Tex. Crim. App. Nov. 23, 2005). The court therefore determines that an evidentiary hearing is warranted.[2]

Accordingly, petitioner's request for an evidentiary hearing is granted. This hearing is set for **March 6, 2009** at **9:00 a.m.** before U.S. Magistrate Judge Jeff Kaplan, 1100 Commerce Street, 16th Floor, Dallas, Texas. The court will issue a writ of habeas corpus *ad testificandum* to compel the appearance of petitioner at the evidentiary hearing. Counsel must file a motion under 28 U.S.C. § 1915 in order to obtain subpoenas to compel the appearance of any other witnesses. The materiality standards set forth in Fed. R. Crim. P. 17(b) must be satisfied before any subpoenas will be issued. Counsel shall file any such motion as soon as possible, but in no event later than **February 20, 2009**.

A copy of this order shall be sent to all counsel of record and to the United States Marshal.

SO ORDERED.

DATED: January 22, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that the facts of this case are similar to *Hall*, wherein the Fifth Circuit held that the district court abused its discretion in failing to conduct an evidentiary hearing on petitioner's *Atkins* claim. In both *Hall* and the instant case, the state habeas court decided the ultimate issue of mental retardation based on "conflicting expert opinions of psychologists, asserted in affidavits unaired in court and shielded from cross-examination." *Hall*, 534 F.3d at 372.